UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCOTTY VAN HAWK,

    Petitioner,

    v.                               CAUSE NO. 3:23-CV-975-DRL-MGG

INDIANA ATTORNEY GENERAL,

    Respondent.

OPINION AND ORDER

Scotty Van Hawk, a prisoner without a lawyer, filed a habeas corpus petition challenging his pretrial detention in Kosciusko County. (ECF 1.) The court must review the petition and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief[.]" Rule 4 of the Rules Governing Section 2254 Cases.[1] For the following reasons, the petition is dismissed.

Mr. Van Hawk is currently facing charges in Kosciusko County for stalking in violation of a protective order and invasion of privacy. *State v. Van Hawk*, 43C01-2303-F5-000214 (Kosciusko Cir. Ct. filed Mar. 22, 2023). Criminal defendants incarcerated by a state awaiting trial may seek a writ of habeas corpus from federal courts under 28 U.S.C. § 2241. *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). However, a federal court generally must "abstain from interfering with pending state proceedings to enforce a

---

[1] Mr. Van Hawk used the form for seeking relief under 28 U.S.C. § 2254, but the correct vehicle for a pretrial detainee to seek habeas relief is 28 U.S.C. § 2241. *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). The court may apply Rule 4 to other types of habeas petitions besides those filed under 28 U.S.C. § 2254. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

state's criminal laws." *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Therefore, most constitutional claims cannot be raised in advance of trial and instead must await the conclusion of the state proceedings. *Id.* The only recognized exceptions to this rule are speedy trial claims and double jeopardy claims. *Id.*

> Mr. Van Hawk's petition asserts one claim, which he articulates as follows:
>
> I am a Michigan resident being unlawfully detained in Indiana. I moved for an early trial on March 24th and have been detained ever since. Indiana had 70 days to bring me to trial and they have repeatedly caused delays and violated rights and court rules.

(ECF 1 at 3.) The court understands him to be asserting a speedy trial claim. Such a claim may be raised in advance of trial, but there is no indication he has presented this claim to the state courts in the first instance. Exhaustion of state court remedies is not a statutory requirement for habeas petitions filed under 28 U.S.C. § 2241, but "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991). To exhaust, the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary.[2] *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). Mr. Van Hawk acknowledges that he has not done that here. (ECF 1 at 3.)

---

[2] In Indiana, speedy trial claims can be raised in an interlocutory appeal prior to trial. *See Curtis v. State*, 948 N.E.2d 1143, 1147-48 (Ind. 2011).

Assuming he could overcome the exhaustion barrier, he has not demonstrated an entitlement to federal habeas relief. Under the Sixth Amendment, "[t]he speedy-trial right is amorphous, slippery, and necessarily relative. It is consistent with delays and dependent upon circumstances." *Vermont v. Brillon*, 556 U.S. 81, 89–90 (2009) (citations and quotations omitted). The Supreme Court has expressly "refused to quantify the right into a specified number of days or months or to hinge the right on a defendant's explicit request for a speedy trial." *Id.* (citations and quotations omitted). Instead, the Court adopted "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Id.* at 90. Under the test, the court must consider whether any pretrial delay was "uncommonly long," whether the government or the defendant was the cause of the delay, whether the defendant asserted his right to a speedy trial, and whether he has suffered prejudice as a result of the delay. *Ashburn v. Korte*, 761 F.3d 741, 751-752 (7th Cir. 2014).

The public docket in Mr. Van Hawk's criminal case reflects that he was arrested on March 22, 2023. He appeared for an initial hearing on March 23, 2023, and the court appointed the public defender to represent him. The public defender's office subsequently reported a conflict, requiring new counsel to be appointed. Mr. Van Hawk posted bond in early April 2023 and was released to home confinement. A final pretrial hearing was held on April 24, 2023, but proceedings were then delayed after his attorney sought and was granted leave to withdraw. The court appointed new counsel, and a jury trial was scheduled for October 17, 2023. Pretrial hearings were held in August 2023 and September 2023. In late September 2023, his new attorney moved to withdraw. The jury

trial was subsequently cancelled, and another attorney appointed to represent him. This attorney has filed a number of pretrial motions, which were heard and taken under advisement by the court on November 2, 2023. Counsel also recently moved to modify his bond, and this motion is set for hearing on December 7, 2023.

The docket thus reflects that Mr. Van Hawk's case has been pending for less than a year. The court has ruled on many filings and held several hearings. The trial has been delayed by the withdrawal of Mr. Van Hawk's attorneys, which cannot be attributed to the state. *See Brillon*, 556 U.S. at 92. The delays in the case have not been uncommonly long, nor has he shown that his defense has been prejudiced or compromised by any delay. *See United States v. Hills*, 618 F.3d 619, 632 (7th Cir. 2010) ("[A] defendant who cannot demonstrate prejudice with specificity will not show a Sixth Amendment violation, no matter how long the delay."). Therefore, he has not established a violation of his Sixth Amendment right to a speedy trial. To the extent his claim is based on Indiana law, which quantifies the number of days within which a defendant must be brought to trial, such a claim is not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *see also* Ind. R. Crim. P. 4.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must establish "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S.

473, 484 (2000) (citation and quotations omitted). Mr. Van Hawk's speedy trial claim is unexhausted and lacks merit under governing standards. The court finds no basis to conclude that reasonable jurists would debate the outcome of the petition or find a reason to encourage him to proceed further in federal court in advance of his state criminal trial.

For these reasons, the court DISMISSES the petition (ECF 1), DENIES the petitioner a certificate of appealability, and DIRECTS the clerk to close this case.

SO ORDERED.

November 16, 2023                         *s/ Damon R. Leichty*
                                          Judge, United States District Court